IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2:16cv346-WHA |
| CITY OF MONTGOMERY, et al., ) | (wo) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #12), filed by the Defendants on June 6, 2016; a First Motion to Amend/Correct Complaint (Doc. #16); and a Motion for Leave to File Response (Doc. #17).

The Plaintiff filed a Complaint in this case on May 13, 2016.   In the Complaint he brings the following claims: violations of the Fourth and Fourteenth Amendments through wrongful arrest and false imprisonment (Count I); violation of the Fourth Amendment through excessive force (Count II); violation of the Fourteenth Amendment for deliberate indifference to Serious Medical Needs (Count III); a state law claim for negligent failure to train and supervise (Count IV); a state law claim for negligent failure to provide medical attention (Count V); a state law claim for false arrest and false imprisonment (Count VI); a state law claim for assault and excessive force (Count VII).   The named Defendants are the City of Montgomery ("City"), Officer G.J. Marshall ("Marshall"), Officer Lizenby ("Lizenby"), and a police officer sued under a fictitious name.[1]

---

1 The Defendants state that the identity of this officer will be provided in discovery and this

The Defendants have not moved to dismiss the Complaint in its entirety, but have sought dismissal of all claims against the City, all claims against the individual Defendants in their official capacities, and various claims against the individual Defendants in their individual capacities.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   See *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations   "must be enough to raise a right to relief above the speculative level."   *Id*. at 555.

---

party is not due to be dismissed. (Doc. #12 at p.1 & n.1).

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Jesse Davis, is a seventy-eight-year-old man with extreme hearing loss. He also suffers from diabetes.  He alleges that on June 22, 2014, at midnight, he was driving home from a store when he was pulled over by Montgomery police for failure to signal a lane change.

Defendant Marshall, a City police officer who conducted the traffic stop, initially thought that Davis had been drinking and administered a field sobriety test. Marshall's dashboard camera was running and recorded the events alleged in the Complaint.  Davis was not completely compliant with Marshall's instructions because he had difficulty hearing him.  Davis was able to walk a straight line.  Davis told Marshall that he lived across the street and needed to go home to take his diabetes medications.

Marshall called dispatch for instruction and said he "did not have anything on" Davis. (Doc. #1 at ¶16).  Marshall called the paramedics who arrived along with Defendant Lizenby and the Defendant fictitious officer. The paramedics had a hard time communicating with Davis because of his hearing problems.

A cameraman from the MPD television show arrived on the scene.

One of the officers walked to the driver's side door of the vehicle and said, "there it is," in reference to a bottle of rubbing alcohol. Davis alleges that his doctor advised him to use rubbing alcohol topically to ease pain following surgery on his wrist.  Marshall attempted to put handcuffs on Davis, and Davis said that Marshall was hurting him.  Then, Marshall pushed Davis forward and to the ground. Marshall landed on top of Davis and shoved his knee into his

3

back. Officers Lizenby and the other officer also got on top of Davis and held Davis's head to the ground.

Davis was moved to the police vehicle. He asked to be taken to a hospital. The officer said "it's too late." (Doc. #1 at ¶29). Marshall joked about Davis needing medicine for ingesting rubbing alcohol.

Davis was processed at the jail.   He registered 0.0 on a breathalyzer, meaning there was no alcohol in his system. He spent the night in the "drunk tank." He did not receive medical treatment for four days while he was in the jail, nor receive his diabetes medicine. He was charged with Driving Under the Influence ("DUI") and making an improper lane change. He was found not guilty of the DUI and guilty of the improper lane change.

When he was released from jail, he went to the doctor and learned that he had cracked ribs. He was in the hospital for 18 days.

The Complaint alleges that the City has a policy or custom of failing to train officers to recognize and deal with individuals suffering from disabling conditions.

## IV. DISCUSSION

### A.  Claims Against Individual Defendants in Their Official Capacities

The Defendants have moved to dismiss all of the individual Defendants sued in their official capacities on the basis that a suit against a government official in his official capacity is the same as a suit against the City, citing *McMillian v. Monroe Cnty*, 520 U.S. 781, 785 (1997).

Davis does not respond to this argument. The City having been named as a Defendant in this case, the individual Defendants are due to be dismissed in their official capacities as being redundant of the claims against the City. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n. 8 (11th

Cir.2005) ("We note that a suit against Dillon in his official capacity is the same as a suit against the municipality of the City of Key West.")

B.  Federal Claims

1.  Liability of City

A municipality cannot be held liable on the basis of respondeat superior, but instead a municipality's liability must be established by either (1) a history of "prior incident[s] in which constitutional rights were similarly violated," or (2) an "obvious" need for training or supervision. *Gold v. City of Miami*, 151 F.3d 1346, 1351-2 (11th Cir.1998) (citations omitted).

The Defendants move for dismissal of the federal claims against the City, stating that Davis's Complaint does not plead a claim against the City because it lacks any factual allegations to support a policy or practice upon which to base municipal liability.

Davis's theory of municipal liability as stated in his brief is that he need not allege a pattern of behavior which put the City on notice of a need for adequate training of officers in the arrests of persons with hearing loss and "obvious handicaps," (Doc. #14 at p.5), relying on *City of Canton, Ohio v Harris*, 489 U.S. 378, 385 (1989).   The Complaint alleges as follows:

> 39. The City has a policy, and/or pattern and practice, of having its police officers arrest individuals, who suffer from disabling conditions.
> 40. The City has a policy, and/or pattern and practice, of having its police officers use excessive force upon non-resisting individuals when effecting an arrest.
> 41. The City has a policy, and/or pattern and practice, of failing to train its police officers to properly recognize and deal with individuals who suffer from disabling conditions.

(Doc. #1).   Davis has stated in his brief that the failure to train was in the use of force against those with "obvious handicaps" and "hearing disabilities."   It is unclear from the

5

Complaint what "obvious handicaps" Davis is referring to, other than Davis's hearing loss.

The Defendants assert that Davis's argument in opposition should not be considered because he has not asserted a claim for deliberate indifference and there are no facts to support a finding of a constitutional violation of a failure to train.

"In leaving open ... the possibility that a plaintiff might succeed in carrying a failure-to-train claim without showing a pattern of constitutional violations, [the *City of Canton* Court] hypothesized that, in a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officials with specific tools to handle recurring situations." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409 (1997).   However, Davis has not made it clear in his Complaint which theory of liability he intends to proceed on, and if it is only on a theory that officers are not properly trained in the use of force against persons with disabilities, he has not made it clear to which disabilities he refers, and to the factual basis for his theory that the need for training was obvious. *See Weiland v. Palm Beach Cnty Sheriff's Office*, 792 F.3d 1313, 1329 (11th Cir. 2015) (noting that evidence of prior incidents is not required to establish city policy if the need for training is so obvious that liability attaches, but holding that that theory did not apply in that case, because the plaintiff had not alleged that the need for specialized training in the use of force when dealing with mentally ill citizens is so obvious that failure to provide such training amounts to deliberate indifference).   It appears to the court, therefore, that Davis should be given time in which to amend his Complaint to make it clear whether he intends to assert a claim of failure to train or only seeks to plead a basis for municipal liability, and to state facts to support his theory of liability.   The Motion to Dismiss will be GRANTED as to the City of Montgomery, but Davis

will be given additional time in which to plead his theory of liability and the facts supporting it.

2. Failure to State a Claim of Deliberate Indifference

The Defendants separately argue that the deliberate indifference claim in Count III of the Complaint is due to be dismissed as to the City because the Complaint alleges that Officer Marshall called paramedics, so the individual officers could not have acted with deliberate indifference.

Davis clarifies in his brief that he intends to bring a claim of deliberate indifference based on the injuries he received during this arrest which occurred after the paramedics were called. The Defendants respond that the facts alleged do not rise to the level of deliberate indifference because the Complaint does not allege that the officers observed any physical injuries, and does allege that the paramedics had been called to evaluate Davis after he complained of being diabetic.

While the court does not agree with the Defendants that the fact that the paramedics were called precludes Davis's claim because he is basing the claim on injuries sustained after they were called, the court does agree that additional facts are necessary to state a claim of deliberate indifference, such as the extent of Davis's complaints about his injuries as separate from his complaints about needing treatment for diabetes. *See Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007) (a claim of deliberate indifference requires a showing (1) that the government official knew of a risk of serious harm; (2) that they disregarded that risk; and (3) that the conduct of amounted to more than gross negligence.)

The court will dismiss the deliberate indifference claims without prejudice to being repled.

C.  State Law Claims

1.  Claims Barred by Immunity for Intentional Torts for City of Montgomery

The City argues that under Ala. Code §11-47-190, it cannot be held liable for the intentional acts of its officers, so any state law claims of false arrest, false imprisonment, assault, and excessive force claims cannot be maintained against the City.   Davis responds that his claims can be brought against the City based on the negligence, carelessness, and unskillfulness of the officers, citing *Borders v. City of Huntsville*, 875 So. 2d 1168 (Ala. 2003). He has alleged negligence in the Complaint. The City replies that he has not alleged facts which establish negligence, but has alleged intentional conduct.

Alabama law recognizes claims for negligence in excessive use of force, false arrest, false arrest, and assault and battery.   *See Borders v. City of Huntsville*, 875 So. 2d 1168 (Ala. 2003). Because claims can be pled in the alternative, Fed. R. Civ. Pro. 8(d)(2), the court cannot conclude that Davis is precluded from proceeding on claims of intentional conduct for purposes of state law claims, as well as his constitutional claims, and also alternatively on claims of negligence under state law claim.   The Motion to Dismiss is due to be DENIED as to these claims.

2.  Failure to State a Claim for Negligent Failure to Train and Supervise and for Failure to Provide Medical Care

The Defendants argue that two negligence claims pled in the Complaint, a claim for negligent failure to train and of failure to provide medical care, are not cognizable under

8

Alabama law and are therefore due to be dismissed on that basis as to the City and the individual Defendants. The Defendants cite *Waters v. City of Geneva*, 47 F. Supp. 3d 1324 (M.D. Ala. 2014), for the proposition that a negligent training claim is not recognized under Alabama law.

This court has previously addressed the issue of the viability of a negligent training claim under Alabama law. *See Thomas v. Moody*, No. 1:13cv920-WHA, 2014 WL 2219273 (M.D. Ala. May 29, 2014). In *Thomas*, this court noted that over the years, various federal district courts have determined that there is no claim under Alabama law for negligent hiring, training, and supervision, but recently, other district courts have reasoned that because the Alabama Supreme Court in one case allowed such claims to go forward from the summary judgment stage against the City of Montgomery, there is a "potential" for a negligent hiring, training, and supervision claim to be brought against a municipality under Alabama law. *Thomas*, 2014 WL 2219273 at *3 (citing *Hughes v. City of Montgomery*, No. 12cv1007, 2013 WL 5945078, at *2 (M.D.Ala. Nov. 6, 2013)). This court explained, however, that while the blanket statement that Alabama law does not recognize a claim of negligent hiring against a municipality may no longer apply, "a city may still be immune from liability if the hiring is a discretionary activity performed by a peace officer." *Id.* The *Waters* opinion, relied on by the City, is consistent with that reasoning. 47 F. Supp. 3d at 1341 & n.18 (stating that "as *Hughes* pointed out, that potential claim would not arise where the city employee is a police officer, and, thus, the viability of this potential claim does not require further probing here.")(citation omitted). Because the claim as alleged in this case is based upon the conduct of police officers, (Doc. #1 at p.14), the negligent hiring, training, and supervision claims cannot be maintained under the foregoing authorities, and are due to be dismissed.

9

The City also argues that Davis's negligent failure to provide medical treatment claim should fall within the same reasoning and likewise be dismissed. In his brief, Davis argues that there is a negligence claim because the claim in the Complaint is that after Davis's arrest, the City Jail failed to provide medical treatment for four days. (Doc. #1 at p.15).

Alabama law does not preclude a claim for negligent failure to provide medical. *See, e.g., Walker v. City of Huntsville*, 62 So.3d 474, 500 (Ala. 2010) (finding that no exception to immunity had been proven as to claim of negligence against a police officer for failing to provide medical treatment to an arrestee but finding that detention officers and jail nurse were not entitled to immunity).   While individual immunity issues may be relevant to this claim, if raised in the future, they have not been raised at this point.   Furthermore, Davis has pled that the City should be held liable for its employees' negligent failure to provide medical treatment at the municipal jail. (Doc. #1 at p.15).   The court concludes, therefore, that the Motion to Dismiss is due to be DENIED as to the negligent failure to provide medical attention claim while Davis was in the municipal jail.

## V.  CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. #12) is GRANTED as to all claims against the individual Defendants in their official capacities and those claims are DISMISSED with prejudice.

2. The Motion to Dismiss (Doc. #12) is GRANTED as to all federal law claims against the City and those claims are dismissed without prejudice to being repled.

3. The Motion to Dismiss (Doc. #12) is GRANTED as to the federal deliberate indifference claim without prejudice to the claim being repled.

4. The Motion to Dismiss (Doc. #12) is DENIED as to the false arrest, false imprisonment, assault, and excessive force state law claims, and the state law claim for negligent failure to provide medical treatment while Davis was in jail.

5. The Motion to Dismiss (Doc. #12) as to the state law claim for negligent training, hiring, and supervision (Count IV) is GRANTED and that claim is DISMISSED with prejudice.

6. The Plaintiff is given until July 22, 2016 to file an Amended Complaint, complete unto itself, in accordance with M.D. Ala. Local Rule 15.1, which more specifically pleads his theory of municipal liability, and the facts which support it, and clarifies whether the failure to train is asserted as a separate violation of federal law. A new Amended Complaint should also more specifically plead the deliberate indifference to medical needs claim, if Davis intends to proceed on that claim.

7. In view of this Order, the Plaintiff's Motions (Doc. ##16, 17) are DENIED as moot.

Done this 14th day of July, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE