**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JESSE DAVIS,** | ] | |
| **Plaintiff,** | ] | **Case No. 2:16-cv-346-WHA** |
| | ] | |
| **v.** | ] | |
| | ] | |
| **CITY OF MONTGOMERY, ALABAMA;** | ] | **July 22, 2016** |
| **OFFICER G. J. MARSHALL, in his** | ] | |
| **Individual Capacity;** | ] | |
| **OFFICER LIZENBY, in his Individual** | ] | **JURY TRIAL REQUESTED** |
| **Capacity; and** | ] | |
| **FICTITIOUS DEFENDANT, OFFICER A,** | ] | |
| **in his Individual Capacity,** | ] | **MEDIATION REQUESTED** |
| **Defendants.** | ] | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Jesse Davis (hereinafter Mr. Davis), by and through undersigned counsel, and files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1367, and 42 U.S.C. 1983, because the City of Montgomery, Alabama, a municipal corporation, and the individuals responsible for the actions against Mr. Davis, were acting under the color of state law.  The Plaintiff brings this claim due to the Defendants' wrongful arrest and imprisonment of Mr. Davis, use of excessive force against him, in the course of that arrest, and deliberate indifference to Mr. Davis' serious medical needs, by the City of Montgomery, Officer G. J. Marshall, Officer Lizenby and Fictitious Defendant Police Officer A.   In this Amended Complaint, Plaintiff adds a claim against Defendant City for Failure to Train and Supervise the individual Defendants, which led to the claims against said Defendants. Plaintiff provides, as justification for this Complaint, the following:

## PARTIES

1.      Plaintiff Jesse Davis is over the age of nineteen (19) years and is a resident of Montgomery, Montgomery County, Alabama.

2.      Defendant City of Montgomery, (hereinafter the "City") is a municipal corporation in Montgomery County, Alabama.

3.      Defendant Officer G. J. Marshall, Officer ID 2493, (hereinafter Officer Marshall), is a police officer in the Department, he is believed to be a resident of the City and he is over the age of nineteen (19) years.

4.      Defendant Officer Lizenby, Officer ID 2435, is a police officer in the Department, a resident of the City and over the age of nineteen (19) years.  Officer Lizenby is depicted in a dash camera video and he is only mentioned by his last name.  His full name will be provided in discovery.

5.      Fictitious Defendant Officer A, is a police officer in the Police Department, a resident of the City and over the age of nineteen (19) years.  This Officer is depicted in a dash camera video and he is only mentioned by his last name.  His full name will be provided in discovery.

## JURISDICTION and VENUE

6.      Venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §1391, because the events giving rise to the Plaintiffs' Complaint occurred in Montgomery County, Alabama, which is in the Middle District.  This Court has original jurisdiction of this cause of action pursuant to 28 U.S.C. §§1331, 2201, and 2202 as actions arising under 42 U.S.C. §1983, to obtain equitable relief, the costs of this suit, awards of back pay, compensatory damages, special damages, liquidated damages and reasonable attorney's fees suffered by Mr. Davis.  Said damages were caused by Defendants' failure to train its officers; and their wrongful arrest, excessive force, false imprisonment and deliberate indifference of Mr. Davis' serious medical needs, in violation of his Constititutional Rights under the Fourth and Fourteenth Amendments.

**FACTS**

7.      Mr. Davis is an African American male, seventy eight (78) years old, and he is disabled, due to his age, diabetes, and an extreme hearing loss.

8.      On or about June 22, 2014, at approximately midnight, Mr. Davis was coming from a store and he was on his way to his apartment on Moorcroft Drive, in Montgomery.

9.      When he was nearly home, Officer Marshall initially pulled Mr. Davis over for failure to signal for a lane change.

10.     Officer Marshall's dashboard camera system was on throughout the traffic stop.  The facts that follow were derived from the video of that traffic stop.

11.     Once Mr. Davis was stopped, Officer Marshall initially thought that Mr. Davis had been drinking, and Officer Marshall administered a field sobriety test.

12.     Mr. Davis was not completely compliant with Officer Marshall instructions, not because he did not want to follow directions, but because he could not hear Officer Marshall's instructions.

13.     Mr. Davis was able to walk a straight line, even though Officer Marshall had not instructed him to do so yet.

14.     Mr. Davis repeatedly indicated to Officer Marshall, that he was having a hard time hearing him.  The dash camera video presentation shows that Mr. Davis was obviously having difficulty hearing Officer Marshall.

15.     The video also clearly shows that Officer Marshall was yelling questions and instructions to Mr. Davis, throughout the more than one hour incident.  It was obvious that Defendant Marshall was aware that Mr. Davis was hard of hearing.

16.     Mr. Davis told Officer Marshall that he lived across the street, and that he suffers from diabetes.  He told Davis that he needed to go home to take his medications.  It

3

was also obvious that Defendant Marshall was aware that Mr. Davis suffered from diabetes as Davis told him about his diabetic condition.

17.     Officer Marshall called dispatch and/or his supervisors for instructions in handling Mr. Davis.  During his conversation, he said, "I don't have anything on him."

18.     Officer Marshall called paramedics to check out Mr. Davis, due to his claim that he has diabetes.  Paramedics were having a difficult time communicating with Mr. Davis, because of his hearing problems.

19.     While paramedics were present, Officer Lizenby and Fictitious Defendant Officer A also arrived.  They discussed with Officer Marshall, what they should do with Mr. Davis.

20.     During all of this discussion, Mr. Davis cooperated with the officers and paramedics the best he could, based on his inability to clearly hear them.

21.     While the Officers were discussing what to do with Mr. Davis, a cameraman from the "MPD" television show arrived.  At that point, the officers' demeanors and actions changed drastically.

22.     Within minutes of the MPD cameraman's arrival, one of those present, who is believed to be a paramedic, walked to the driver's side door of Mr. Davis' vehicle, and exclaimed, "There it is."  Apparently, this person was referring to a bottle of rubbing alcohol.

23.     During the more than one hour incident, Officer Marshall can be seen entering Mr. Davis's vehicle on several occasions.  Marshall never indicated that he saw any rubbing alcohol in Mr. Davis vehicle.  Near the end of the video, Marshall commented that he did not see the bottle of rubbing alcohol in Davis' vehicle.

24.     Mr. Davis, upon advice from his doctor, uses rubbing alcohol topically, to ease the pain following surgery on his wrist.

4

25.     Officer Lizenby walked up to Mr. Davis' vehicle with flashlight in hand. He stood at the driver's window and, without even bending down to look into the vehicle, he called out "36."

26.     Then, even though Officer Marshall said that he had nothing on Mr. Davis, and had not smelled any alcohol on him, Officer Marshall got behind Mr. Davis and attempted to put handcuffs on him.

27.     Due to Mr. Davis having large wrists, Officer Marshall experienced difficulty in handcuffing Mr. Davis.   As Officer Marshall squeezed the handcuffs, they cut into Mr. Davis wrists and scar, which Davis had following surgery for carpal tunnel syndrome, causing him pain.  Mr. Davis commented that Officer Marshall was hurting him.

28.     Officer Marshall spoke to Mr. Davis, who tried to turn his head so that he might hear Officer Marshall, as he had done numerous times, during the more than one-hour-long detainment.   Mr. Davis asked Officer Marshall repeatedly, "What do you want me to do?"

29.     Then, for no apparent reason, Officer Marshall violently pushed Mr. Davis forward and violently body-slammed him to the ground.  Officer Marshall landed on top of Mr. Davis and he also shoved his knee into Mr. Davis' back.  Officers Lizenby and Fictitious Defendant Officer A also got on top of Mr. Davis and held Mr. Davis' head to the ground.

30.     Eventually, the Officers moved Mr. Davis to a Montgomery Police vehicle. Officers had a difficult time getting Mr. Davis into the back seat of the vehicle, because he could not hear what they wanted him to do.  Eventually, Mr. Davis was situated in the rear seat of the vehicle.

31.     Because of pain in his shoulder and his ribs, caused by being slammed to the ground, Mr. Davis told the officer present that he wanted to go to a hospital.   The Officer

refused Mr. Davis' request to go to the hospital for medical attention and told Mr. Davis, "It's too late."

32.    While Mr. Davis was sitting in the rear of the vehicle, the audio portion of the dash camera video makes it clear that Officer Marshall was coached into making comments, apparently for the "MPD" television program.  Officer Marshall is heard several times rehearsing what occurred with Mr. Davis, each time adding more information to support charging Mr. Davis with a DUI.

33.    Mr. Davis told Officer Marshall that he was experiencing pain in his chest and also that he needed medicine for his diabetes.  Officer Marshall responded, asking Mr. Davis if he needed medicine for injesting rubbing alcohol.

34.    Officer Marshall then took Mr. Davis to the Montgomery Police Department and he was processed into the Municipal Jail.

35.    On the way to the Jail, Mr. Davis told Officer Marshall that he was in pain.  Defendant Marshall told Mr. Davis to, "Shut up," and he ignored Mr. Davis comments.

36.    Upon arrival at the Municipal Jail, Mr. Davis was administered a breathalyser test.  The record reflects that the test was administered at 2:28 AM, and that Mr. Davis scored a **0.0 mg/dl**, which meant he had no alcohol in his system.

37.    Mr. Davis told the people at the Jail that he was in pain in his shoulder and ribs; however, no one at the Jail helped him.  They would not listen to Mr. Davis and treated him as though he was drunk.

38.    Even though Mr. Davis scored a 0.0 mg/dl on the breathalyzer, Mr. Davis was caused to suffer the indignity of having to spend the remainder of the night in the jail's "drunk tank."

39.    Further, Mr. Davis did not receive any medical care for the pain in his shoulder

6

and chest during the four days he was in the Municipal Jail.

40.     Jail personnel provided Mr. Davis some type of medication for his diabetic condition; however, they did not give him the medication he normally takes.

41.     Mr. Davis was charged with Driving Under the Influence (DUI) and an Improper Lane Change.   Mr. Davis was tried in Montgomery Municipal Court and he was found Not Guilty of the DUI charge, but he was found Guilty of making an Improper Lane Change.

42.     After Mr. Davis was released from the Municipal Jail, Mr. Davis went to his doctor and learned that he had cracked ribs, among other injuries, from being slammed to the ground by Officer Marshall.

43.     Mr. Davis injuries required in-patient medical treatment; he remained in the hospital for a total of eighteen (18) days.

44.     The City of Montgomery, and its supervisors in the Montgomery Police Department, are aware that Police Officers often come into contact with citizens who are disabled in some way.  The City and its supervisors in the Montgomery Police Department, are also aware that Police Officers often come into contact with citizens who are deaf, who are hard of hearing and/or who have speech impediments.

45.     The City has a policy, and/or pattern and practice, of having its police officers arrest  individuals who suffer from disabling conditions, such as deafness, hard of hearing, and speech impediments.

46.     The City has a policy, and/or pattern and practice, of having its police officers use excessive force upon non-resisting individuals when effecting an arrest against an individual who is deaf, hard of hearing, or has a speech impediment and is otherwise compliant and non-resisting.

47.     The City has a policy, and/or pattern and practice, of failing to train its police officers to properly recognize and deal with individuals who suffer from disabling conditions, such as deafness, hard of hearing, and speech impediments.

## CAUSES OF ACTION

### Count I
**Against the City of Montgomery for
Failure to Train and Supervise - 42 U.S.C. §1983**

48.     The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-47 of this Complaint, the same as if more fully stated herein, and further alleges the following:

49.     Defendant City and its supervisors in the Montgomery Police Department knew that its Police Officers often come into contact with citizens, such as Mr. Davis, who are disabled, suffer from deafness and/or have speech impediments.  Therefore, it was highly predictable that failure to train Police Officers to deal with such disabled citizens would result in violations of their federal rights.

50.     Defendant City and it's supervisors in the Montgomery Police Department had a duty to train and supervise police officers to properly instruct, train, and/or supervise, police officers in handling of such disabled citizens and detainees, who suffer from deafness and/or have speech impediments.

51.     Defendant City and it's supervisors in the Montgomery Police Department did not properly instruct, train, and/or supervise, police officers in handling of disabled citizens and detainees who suffer from deafness and who have speech impediments.  Defendant City was deliberately indifferent to the special handling Police Officers should give to such disabled citizens and did not train its officers in said handling.

52.     Defendant Officers Marshall, Lizenby and/or Fictitious Defendant Officer A

did not receive instruction or training on the recognition, care, handling, arresting or subduing of disabled citizens and detainees.

53.     As a direct result of the failure or refusal, of Defendant City's supervisors in the Montgomery Police Department, to properly train its police officers in the recognition, care, handling, arresting or subduing of disabled citizens and detainees, Defendants Marshall, Lizenby and Fictitious Defendant Officer A did not know how to properly recognize Mr. Davis' disability.  Further, these Defendants did not know how to care for, handle, arrest or subdue Mr. Davis and they used excessive force upon him, causing him to suffer fractured ribs and other injuries.

54.     Further, the officers and supervisors in the Montgomery Municipal Jail were not properly trained or supervised to recognize that Mr. Davis was a diabetic, that he suffered from extreme hearing loss and has a speech impediment, and also that he was suffering from injury to his ribs and shoulder, after being body slammed during Defendant Marshall's arrest of Mr. Davis.  Instead, the Defendant Officers assumed that Mr. Davis was under the influence of alcohol.

55.     Defendants Marshall, Lizenby, Fictitious Defendant Officer A and Montgomery Municipal Jail Officers were acting in the line and scope of their duties as Officers and/or employees in the Police Department and/or for Defendant City of Montgomery at the time of their interactions with Mr. Davis.

## **Prayer for Relief**

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will grant the following relief:

a. Issue a declaratory judgment finding that said Defendant City failed to properly train or supervise its police officers, in particular Defendants Marshall, Lizenby and Fictitious

Defendant Officer A;

b. Enter a judgment requiring Defendant City to reimburse Mr. Davis expenses for medical bills for its failure to train its officers to handle disabled citizens, such as Mr. Davis;

c. Award compensatory damages against Defendant City for its failure to train and supervise its police officers, in particular Defendants Marshall, Lizenby and Fictitious Defendant Officer A, which resulted in personal injury to Mr. Davis;

d. Award special damages against Defendant City for medical expenses caused by the Defendants' wrongful arrest and excessive force against Mr. Davis;

e. Award special damages against Defendant City for medical expenses caused by the Montgomery Municipal Jail's employees failure to ensure that Mr. Davis received medical treatment;

f. Award attorney's fees; and

g. Award court costs and other relief as this Court deems just and proper.

## Count II
### Violations of Fourth and Fourteenth Amendments and 42 U.S.C. §1983
### Wrongful Arrest, False Imprisonment

56.     The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-55 of this Complaint, the same as if more fully stated herein, and further alleges the following:

57.     Defendant City's deliberate indifference in its failure to train and supervise its Police Officers, particularly Defendants Marshall, Lizenby and A, in distinguishing between individuals who are intoxicated versus those that are deaf or have speech impediments resulted in the wrongful arrest and false imprisonment of Mr. Davis.

58.     Defendant Marshall, by his own admission on several occasions during the detainment of Mr. Davis, stated that he had nothing on Mr. Davis.  Therefore, Defendants

Marshall, Lizenby and Fictitious Defendant Officer A had no reason, or probable cause, to arrest Mr. Davis or to place him in jail.

59.     As set forth in the foregoing paragraphs, the Plaintiff avers that Defendant City, and Defendants Marshall, Lizenby and Fictitious Defendant Officer A, in their individual capacities, wrongfully arrested and falsely imprisoned Mr. Davis in violation of his constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

60.     The law was clearly established at the time of this incident, and Defendants Marshall, Lizenby and Fictitious Defendant Officer A, were aware, or should have been aware that the law at the time of the arrest, that they should not have arrested and/or caused Mr. Davis to be imprisoned under the circumstances that occurred on the night of June 22, 2014.

61.     Marshall states that Davis is going to the police station for a breathalyzer to determine if he had been drinking the rubbing alcohol.  Shortly after arriving at the station, Mr. Davis received a breathalyzer test, which confirmed he had no alcohol in his system. However, Mr. Davis remained in jail another four days despite the even further lack of arguable probable cause.

62.     As a result of this wrongful arrest and false imprisonment, Mr. Davis has suffered, and will continue to suffer, damages in that he was physically injured, he has been caused to suffer, and will continue to be caused to suffer, physical pain and emotional anguish.

63.     Any attempt by the Defendants to prove that their reasons for arresting and imprisoning Mr. Davis were legitimate, will be shown to be pretextual.

**Prayer for Relief**

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will

grant the following relief:

a. Issue a declaratory judgment finding that said Defendants' actions violated Mr. Davis' rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983;

b. Enter a judgment requiring the City and/or Defendants Marshall, Lizenby and Fictitious Defendant Officer A to reimburse Mr. Davis' expenses for medical bills;

c. Award compensatory damages against the individual Defendants in their individual capacities for their wrongful arrest and false imprisonment of Mr. Davis, as may be just and proper under the circumstances of this case;

d. Award of punitive damages against the individual Defendants in their individual capacities for willful violations of 42 U.S.C. § 1983;

e. Award special damages against the individual Defendants in their individual capacities for medical expenses caused by their wrongful arrest and false imprisonment of Mr. Davis;

f. Award attorney's fees; and

g. Award court costs and other relief as this Court deems just and proper.

**Count III**
**Violations of the Fourth Amendment and 42 U.S.C. 1983**
**Excessive Force**

64.     The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-63 of this Complaint, the same as if more fully stated herein, and further alleges the following:

65.     Defendant City's failure to train and supervise its Police Officers, particularly Defendants Marshall, Lizenby and A, in the use of force against deaf or hard of hearing individuals, who are otherwise complaint and non-resisting, resulted in their use of excessive force against Mr. Davis.

66.     Defendant Marshall, by his own admission on several occasions during the detainment of Mr. Davis, stated that he had nothing on Mr. Davis.  Therefore, Defendants Marshall, Lizenby and Fictitious Defendant Officer A had no reason, or probable cause, to arrest Mr. Davis or to use any force on Mr. Davis.

67.     Further, it is obvious from the dash camera video that 76-year-old Mr. Davis was not attempting to resist arrest or to escape Officer Marshall.  Mr. Davis can be heard in the video asking Marshall repeatedly, "What do you want me to do?"

68.     Then, for no apparent reason, Officer Marshall violently pushed Mr. Davis and violently body-slammed him to the ground.  Officer Marshall landed on top of Mr. Davis and he also shoved his knee into Mr. Davis' back.  Officers Lizenby and Fictitious Defendant Officer A got on top of Mr. Davis and held Mr. Davis' head to the ground.

69.     As set forth in the foregoing paragraphs, the Plaintiff avers that the Defendant City, and Defendants Marshall, Lizenby and Fictitious Defendant Officer A in their individual capacities, used unreasonably excessive force against Mr. Davis, in violation of his constitutional rights under the Fourth Amendment and 42 U.S.C. §1983.

70.     Defendant Officers Marshall, Lizenby and Fictitious Defendant Officer A, were aware, or should have been aware, that clearly established law precluded their use of excessive force against Mr. Davis under the circumstances that occurred on the night of June 22, 2014.

71.     As a result of this excessive force, Mr. Davis has suffered, and will continue to suffer, damages in that he was physically injured, he has been caused to suffer, and will continue to be caused to suffer, physical pain and emotional anguish.

72.     Any attempt by the Defendants to prove that their reasons for using excessive force against Davis were legitimate, will be shown to be pretextual.

**Prayer for Relief**

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will grant the following relief:

a. Issue a declaratory judgment finding that said Defendants' actions violated Mr. Davis' rights under the Fourth Amendment and 42 U.S.C. §1983;

b. Enter a judgment requiring the City of Montgomery and/or Defendant Officers Marshall, Lizenby and Fictitious Defendant Officer A to reimburse Mr. Davis expenses for medical bills,

c. Award compensatory damages against the individual Defendants in their individual capacities for their use of excessive force against Mr. Davis, as may be just and proper under the circumstances of this case,

d. Award punitive damages against the individual Defendants in their individual capacities for willful violations of 42 U.S.C. § 1983.

e. Award special damages against the individual Defendants in their individual capacities for medical expenses caused by their wrongful arrest and excessive force against Mr. Davis,

f. Award attorney's fees, and

g. Award court costs and other relief as this Court deems just and proper.

**Count IV**
**Violation of Fourteenth Amendment and 42 U.S.C. §1983**
**Deliberate Indifference to Serious Medical Needs**

73.    The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-72 of this Complaint, the same as if more fully stated herein, and further alleges the following:

14

74.     As set forth in the foregoing paragraphs, the Plaintiff avers that Defendant City and Defendants Marshall, Lizenby, Fictitious Defendant Officer A and Municipal Jail Officers were deliberately indifferent to the serious medical needs of Mr. Davis.

75.     Defendants Marshall, Lizenby and Fictitious Defendant Officer A were involved in an altercation with Mr. Davis, during which Defendant Marshall violently body slammed Mr. Davis to the ground.  All three Defendant Police Officers then climbed on top of Mr. Davis.  Defendant Marshall shoved his knee in Mr. Davis' back, while other officers shoved his face into the ground.

76.     In taking the foregoing actions against Mr. Davis, a man in his mid-seventies, the Defendant Officers **caused** the injuries to Mr. Davis.   These Defendants knew or should have known that they would cause injuries to Mr. Davis, such as the cracked ribs he sustained in the altercation.

77.     After Mr. Davis was body slammed and placed in Defendant Marshall's police vehicle, Mr. Davis asked Marshall to take him to the hospital.   Marshall's response was that it was, "too late."  Marshall then, sarcastically, asked Mr. Davis if he needed medicine for injesting rubbing alcohol.

78.     While Defendant Marshall was transporting Mr. Davis to the Municipal Jail, Mr. Davis again told Marshall that he was in pain in his left shoulder and his ribs. Defendant Marshall merely told Mr. Davis to "shut up."

79.     When Mr. Davis arrived at the Montgomery Municipal Jail, he told Jail personnel that he was in pain.  The response from these Municipal Jail officers was that they laughed at Mr. Davis and ignored his claims that he was in pain.  They treated him as though he was drunk.

80.     During the four days Mr. Davis was detained in the Montgomery

Municipal Jail, he was not provided medications for pain he suffered due to the Defendant Officers Marshall, Lizenby and A's excessive force against Mr. Davis.  He was only provided medications for his diabetes, but the medications were not his prescribed medications.

81.    Defendant City, and Defendants Marshall, Lizenby, and Fictitious Defendant Officer A, in their individual capacities, were deliberately indifferent to the serious medical needs of Mr. Davis, in violation of the Fourteenth Amendment and 42 U.S.C. §1983.

82.    Defendants Marshall, Lizenby and Fictitious Defendant Officer A, were aware, or they should have been aware, that clearly established law required them to attend to the serious medical needs of Mr. Davis under the circumstances that occurred on the night of June 22, 2014.

83.    It was especially important to note that Defendant Officers Marshall, Lizenby and A, who caused Mr. Davis' injuries by the excessive force they used against him in their wrongful arrest of Mr. Davis, were also deliberately indifferent to his serious medical needs.

84.    As a result of the deliberate indifference to Mr. Davis serious medical needs by Defendants Marshall, Lizenby and Fictitious Defendant Officer A, Mr. Davis has suffered, and will continue to suffer, damages in that he was physically injured, he has been caused to suffer, and will continue to be caused to suffer, physical pain and emotional anguish.

85.    Any attempt by the Defendants to prove that their reasons for refusing Mr. Davis request for medical attention were legitimate, will be shown to be pretextual.

**Prayer for Relief**

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will

grant the following relief:

a. Issue a declaratory judgment finding that said Defendants' actions violated the Eighth and Fourteenth Amendments and 42 U.S.C. §1983;

b. Enter a judgment requiring the City of Montgomery and/or Officers Marshall, Lizenby and Fictitious Defendant Officer A, to reimburse Mr. Davis expenses for medical bills;

c. Award compensatory damages against the individual Defendants in their individual capacities for defendants' deliberate indifference to Mr. Davis' serious medical needs, as may be just and proper under the circumstances of this case;

d. Award punitive damages against the individual Defendants, in their individual capacities, for willful violations of 42 U.S.C. § 1983;

e. Award special damages against the individual Defendants in their individual capacities for medical expenses caused by their wrongful arrest and excessive force against Mr. Davis;

f. Award attorney's fees; and

g. Award court costs and other relief as this Court deems just and proper.

**Count V**
**State Law - Negligence - Failure to Provide Medical Attention**

86.    The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-85 of this Complaint, the same as if more fully stated herein, and further alleges the following:

87.    Defendant City's employees in the Montgomery Municipal Jail had a duty to ensure that serious medical needs of pretrial detainees, such as Mr. Davis, were taken care of by medical personnel.

17

88.     Defendant City's employees, acting within the line and scope of their duties in the Montgomery Municipal Jail, failed to properly see to Mr. Davis' medical needs while he was in the municipal jail.

89.     As a direct result of the failure of Defendant City's, and its employees in the Montgomery Municipal Jail, to provide medical care and treatment to Mr. Davis, he sustained complications, and additional pain and suffering, from the injuries he sustained when Defendant Marshall body slammed him to the ground.

## Prayer for Relief

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will grant the following relief:

a. Issue a declaratory judgment finding that said Defendant City failed to attend to Mr. Davis' medical needs;

b. Enter a judgment requiring Defendant City to reimburse Mr. Davis expenses for medical bills;

c. Award compensatory damages against Defendant City for its failure to ensure that its municipal jail employees attended to Mr. Davis' medical needs;

d. Award special damages against Defendant City for medical expenses caused by the Defendants' excessive force upon Mr. Davis and then their failure to ensure that Mr. Davis' serious medical needs were met;

e. Award attorney's fees; and

f. Award court costs and other relief as this Court deems just and proper.

### Count VI
### State Law - Negligence - False Arrest and False Imprisonment

90.     The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-89 of this Complaint, the same as if more fully stated herein, and further alleges the

18

following:

91.     Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A arrested Mr. Davis without probable cause to do so.

92.     Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A were negligent, careless, wanton, willful or they acted in bad faith.

93.     To the extent the actions of Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A were negligent or careless, Defendant City is liable for their actions, as they were acting in the line and scope of their employment with the City.

94.     As a direct result of the Defendants' conduct, Mr. Davis has been caused to suffer physical and emotional injuries and damages and he has also been caused to incur extensive medical bills and other expenses.

### Prayer for Relief

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will grant the following relief:

a. Issue a declaratory judgment finding that said Defendants falsely arrested and falsely imprisoned Mr. Davis;

b. Enter a judgment requiring Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A and Defendant City to reimburse Mr. Davis' expenses for medical bills;

c. Award compensatory damages against Defendant City and Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A for their false arrest and false imprisonment of Mr. Davis;

d. Award punitive damages against the individual Defendants, for thier false arrest and false imprisonment of Mr. Davis;

e. Award attorney's fees; and

f. Award court costs and other relief as this Court deems just and proper.

## Count VII
### State Law - Negligence - Assault and Excessive Force

95.     The Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-94 of this Complaint, the same as if more fully stated herein, and further alleges the following:

96.     Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A, without any reason or provocation, and in the absence of probable cause, assaulted Mr. Davis and/or used excessive force in the course of their wrongful arrest of him.

97.     Defendant City's employees in the Montgomery Municipal Jail had a duty to use only the minimum amount of force reasonably necessary to effect the arrest of a citizen, such as Mr. Davis.

98.     Defendant City's employees, acting within the line and scope of their duties in the Montgomery Municipal Jail, used force far in excess of the amount of force that was reasonably necessary to arrest Mr. Davis.

99.     Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A were negligent, careless, wanton, willful or they acted in bad faith.

100.    To the extent the actions of Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A were negligent or careless, Defendant City is liable for their actions, as they were acting in the line and scope of their employment with the City.

101.    As a direct result of the Defendants' conduct, Mr. Davis has been caused to suffer physical and emotional injuries and damages and he has also been caused to incur extensive medical bills and other expenses.

### **Prayer for Relief**

Wherefore, premises considered, Mr. Davis respectfully prays that this Court will grant the following relief:

a. Issue a declaratory judgment finding that Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A assaulted Mr. Davis and used excessive force upon him,

b. Enter a judgment requiring Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A and Defendant City to reimburse Mr. Davis expenses for medical bills,

c. Award compensatory damages against Defendant City and Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A for their assault and use of excessive force upon Mr. Davis,

d. Award punitive damages against Defendants Marshall, Lizenby and/or Fictitious Defendant Officer A for their assault and use of excessive force upon Mr. Davis,

d. Award attorney's fees, and

e. Award court costs and other relief as this Court deems just and proper.

Respectfully submitted this the 22nd day of July 2016.


  /s/ Christopher Worshek
CHRISTOPHER WORSHEK (WOR018)


  /s/ Joseph C. Guillot
JOSEPH C. GUILLOT (GUI011)


OF COUNSEL:
McPHILLIPS SHINBAUM, LLP
516 S. Perry St.
Montgomery, AL 36104
(334) 262-1911
(334) 263-2321 (fax)
e-mail: cworshek@msg-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing via CM/ECF, which will cause notice to be delivered upon the following on this 22th day of July, 2016:

Michael Brymer, Esq.
City of Montgomery Attorney's Office
103 N. Perry St.
Montgomery, AL 36101

                                  /s/ Joseph C. Guillot
                                  OF COUNSEL

**JURY TRIAL REQUESTED**

Mr. Davis hereby demands a trial by jury on all issues so triable.

                                  /s/ Joseph C. Guillot
                                  OF COUNSEL